# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,                )
                                )
v.                              )       Case No. CR-19-00164-2-PRW
                                )
MIRANDA NICHOLE RHYNARD,         )
                                )
        Defendant.                )

## ORDER

Defendant, Miranda N. Rhynard was only weeks into her well-below-guideline-range sentence when she asked the Court to reduce her 24-month sentence to time served and to impose home confinement in lieu of incarceration because, according to her, she is uniquely vulnerable to COVID-19 and prisons are a hotbed of infection.[1]

The Court denied her request in a written order issued on April 7, 2021, finding that "a sentence reduction [wa]s not appropriate . . . because, at a minimum, such a reduction would run afoul the factors set forth in 18 U.S.C. § 3553(a)."[2] "When the Court fashioned a sentence in the first instance," it explained, "it considered the characteristics of the defendant, including her physical and mental condition, and the kinds of sentences available, and it did so fully apprised of the pandemic and its associated risks."[3]

---

[1] *See* Def.'s Mot. for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. 152).

[2] Order (Dkt. 153) at 2.

[3] *Id.* (cleaned up).

1

Now, Ms. Rhynard asks the Court to reconsider its earlier denial of her "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" (Dkt. 152).[4, 5]

The Government opposes the request.[6] It points out that Ms. Rhynard was offered a COVID-19 vaccine but refused and that releasing her would, in any event, be inconsistent with the purposes of sentencing articulated in 18 U.S.C. § 3553.[7]

The Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration, but the Tenth Circuit has found them proper in criminal cases.[8] "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law."[9] "Specific grounds include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[10] "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier."[11]

In light of this standard, the Court finds no reason to reverse its earlier decision. In fact, if anything, there is even greater reason to deny Ms. Rhynard's request now: The risk

---

[4] *See* Def.'s Mot. for Recons. (Dkt. 154).

[5] To the extent Ms. Rhynard presses new arguments in her motion for reconsideration, it is an inappropriate vehicle for such a purpose.

[6] *See* Pl.'s Resp. Opposing Def.'s Req. for Compassionate Release and Req. for Recons. (Dkt. 159).

[7] *Id.* at 1.

[8] *See United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citations omitted).

[9] *Id.* (citation omitted).

[10] *Id.* (cleaned up).

[11] *Id.*

of COVID-19 infection continues to plummet, with the latest figure on new infections at 4,916 nationwide, down from a peak of 300,779 at the height of the pandemic.[12]

Accordingly, the Court **DENIES** Defendant's "Defendant's Motion for Reconsideration" (Dkt. 154).

**IT IS SO ORDERED** this 15th day of June 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[12] *Coronavirus in the U.S.: Latest Map and Case Count*, N.Y. Times (June 14, 2021, 2:43 PM), https://www.nytimes.com/interactive/2021/us/covid-cases.html.